**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARK E. JUPPE,<br>    Appellant, | DOCKET NUMBER<br>CH-315H-21-0143-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: April 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Gregory White, Esquire, Detroit, Michigan, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant filed a Board appeal of the agency's decision to terminate him during his probationary period. Initial Appeal File (IAF), Tab 1. The appellant elected to be an e-filer, and he designated an attorney representative. *Id.* at 2-3. The administrative judge informed the appellant that his appeal appeared untimely and ordered the appellant to file evidence and argument that either his appeal was timely filed or that good cause existed for the delay in filing. IAF, Tab 4 at 1-4. In a separate order, the administrative judge informed the appellant of how to establish jurisdiction over his appeal and ordered the appellant to provide evidence and argument nonfrivolously alleging jurisdiction. IAF, Tab 3 at 1-7. The appellant failed to respond to either order.

The administrative judge subsequently scheduled a preliminary status conference with the parties and provided the relevant contact information to join the telephonic status conference. IAF, Tab 9 at 1. On the scheduled date of the status conference, the agency's representative was present, but the appellant failed to appear. IAF, Tab 10 at 1. Accordingly, the administrative judge ordered the appellant to respond and show cause as to why his appeal should not be dismissed for failure to prosecute. *Id.* The administrative judge specifically informed the appellant that if he failed to respond to the latest order his appeal

would be dismissed for failure to prosecute without further notice. *Id.* The appellant again did not respond.

After the deadline to respond passed, the administrative judge issued an initial decision dismissing the appeal with prejudice for failure to prosecute. IAF, Tab 11, Initial Decision (ID) at 1. Specifically, the administrative judge found that the appellant had failed to respond to orders involving jurisdiction and timeliness, failed to attend the status conference, and failed to contact the Board after being advised that his appeal would be dismissed for failure to prosecute. ID at 2-3. The administrative judge additionally noted that the appellant had failed to contact either the Board or opposing counsel since filing his initial appeal. *Id.*

The appellant has filed a petition for review asserting that neither he nor his counsel received any of the Board's orders. Petition for Review (PFR) File, Tab 1 at 4. He asserts that he did not receive any notifications of deadlines, show cause orders, or scheduled conferences. *Id.* The agency has responded to his petition for review. PFR File, Tab 4.

We find unavailing the appellant's assertions that he did not receive any of the administrative judge's orders. The Board's regulations provide that, as a registered e-filer, the appellant agreed to accept documents through electronic service and, further, that he was required to monitor his case activity at the Repository at e-Appeal Online to ensure that he received all case-related documents. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(e), (j)(3) (2021). Moreover, our regulations provide that pleadings and Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. *Rivera*, 111 M.S.P.R. 581, ¶ 5; 5 C.F.R. § 1201.14(m)(2) (2021). When a statute or regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera*, 111 M.S.P.R. 581, ¶ 5. The evidence reflects that the appellant elected to be an e-filer and consented to accept service of all pleadings

at the email address he provided.  IAF, Tab 1 at 1-3.  The appellant has not alleged that the contact information provided was somehow incorrect or that he attempted to withdraw as an e-filer.  Accordingly, we deem the appellant to have received the relevant Board orders.

Based on this finding, we agree with the administrative judge that dismissal for failure to prosecute was appropriate.  The Board has held that the imposition of such a severe sanction must be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with an order or has exhibited negligence or bad faith in his efforts to comply. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 14 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017).  Although the failure to obey a single order does not ordinarily justify dismissal for failure to prosecute, an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence. *Id.*, ¶¶ 14-15.  Indeed, the sanction of dismissal with prejudice has been found appropriate when an appellant completely failed to respond or comply with any of the Board's orders. *Id.*, ¶ 15.

The appellant here failed to respond to the administrative judge's timeliness order and jurisdictional order, failed to appear for the preliminary status conference, and failed to respond to the final order to show cause.  ID at 2-3.  With the exception of his initial appeal, there is no evidence that the appellant took any steps to pursue his appeal over a 2 to 3 month period. Moreover, the appellant was specifically warned that his failure to respond could result in the dismissal with prejudice for failure to prosecute.  IAF, Tab 10 at 1. We therefore agree with the administrative judge that the appellant failed to exercise due diligence in prosecuting his appeal, and we affirm the dismissal with prejudice for failure to prosecute. *Turner*, 123 M.S.P.R. 640, ¶ 16; *see Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 14-16 (2007) (affirming a dismissal for failure to prosecute when the appellant failed to comply with multiple orders over a period of nearly 2 1/2 months).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.